UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DELPHIA L. BAILEY,

    Plaintiff,

v.                                    CASE No. 8:08-CV-1288-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## ORDER

The plaintiff in this case seeks judicial review of the denial of her claim for Social Security disability benefits.[1] Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain any reversible error, the decision will be affirmed.

### I.

The plaintiff, who was fifty-eight years old at the time her insured status expired and who has a high school education, worked relevantly as an apartment manager and purchasing agent (Tr. 23, 76, 412-

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 14).

13). She filed a claim for Social Security disability benefits, alleging that she became disabled due to surgery in May 1998 for a twenty-five pound tumor (Tr. 59). The claim was denied initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff suffered from a severe combination of the following impairments (Tr. 20): history of resection of abdominal tumor in 1998, diabetes mellitus, peptic ulcer disease, gastroesophageal reflux disease, and hypertension. The law judge concluded that, due to these impairments, the plaintiff had a residual functional capacity which limited her to light work (id.). The law judge specified the following limitations (Tr. 20, 21):

> [T]he claimant has the residual functional capacity to light work activity with the ability to lift, carry, push and/or pull twenty pounds occasionally and ten pounds frequently. She has the ability to sit, stand and/or walk for six hours in an eight-hour workday. She is limited to occasional climbing, balancing, stooping, crouching, kneeling and/or crawling. She is restricted [to] no concentrated exposure to heat and/or cold and is prohibited from working around moving dangerous machinery and unprotected heights.

The law judge found, based upon the testimony of a vocational expert (Tr. 424), that these restrictions did not prevent the plaintiff from returning to past work as an apartment manager and purchasing agent (Tr. 23). Consequently, the law judge decided that the plaintiff was not disabled (Tr. 24). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3). In this case, the plaintiff must show that she became disabled before her insured status expired on September 30, 2003 (Tr. 18). 42 U.S.C. 423(c)(1); Demandre v. Califano, 591 F.2d 1088, 1090 (5th Cir.

1979), cert. denied, 444 U.S. 952. The Act provides further that a claimant is not disabled if she is capable of performing her previous work. 42 U.S.C. 423(d)(2)(A).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence,

and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff purports to challenge the law judge's decision on two grounds (Doc. 22, p. 2). However, only one of the challenges is discussed by the plaintiff. In light of the scheduling Order, the issue that was not discussed is properly deemed abandoned (Doc. 13, p. 2). On the other hand, in support of the plaintiff's sole challenge, she makes several sub arguments.[2] None of them warrants a reversal.

---

[2]It is noted in particular that the plaintiff, who was not represented at the hearing, makes no contention that her waiver of counsel was ineffective. That is understandable

The plaintiff argues that the law judge failed to apply the Eleventh Circuit pain standard and address the plaintiff's subjective complaints of bowel incontinence (*i.e.*, diarrhea), nausea, and vomiting (Doc. 22, p. 7). This argument fails.

In 1998, the plaintiff underwent surgery to remove a large tumor which required a significant resection of her colon. Following that surgery, the plaintiff had problems with diarrhea. However, by 2000, that problem was much improved with medication (Tr. 217, 221). As a result, the plaintiff undertook work as a purchasing agent (Tr. 413).

The plaintiff worked until July 2002. She alleges a disability onset date of July 1, 2002 (Tr. 59). Importantly, the plaintiff was last insured for disability benefits on September 30, 2003 (Tr. 20). The plaintiff, consequently, must show that she was disabled by that date. In other words, the plaintiff must demonstrate that she became disabled within the fifteen-month period from July 1, 2002, to September 30, 2003. There is only

---

since the plaintiff had a lawyer who, through a mix-up, did not appear at the time of the hearing (Tr. 407). The plaintiff insisted upon proceeding without the lawyer despite the law judge's suggestion to the contrary (Tr. 407-08).

minimal evidence from that period, and none that shows an incapacitating condition.

The Eleventh Circuit has established a standard for evaluating complaints of pain and other subjective symptoms. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). As the court of appeals explained in Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986), the pain standard "required evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." If the law judge determines that there is objective medical evidence of an impairment which could reasonably be expected to produce disabling pain, the law judge "must evaluate the credibility of claimant's testimony as to pain, and must express a reasonable basis for rejecting such testimony." Hand v. Heckler, 761 F.2d 1545, 1549 n.6 (11th Cir. 1985).

The law judge recognized the applicable standard by citing the pertinent regulation and Social Security rulings (Tr. 21). Wilson v. Barnhart, 284 F.3d 1219, 1225-26 (11th Cir. 2002). Moreover, consistent with this

standard, the law judge found "that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely credible" (Tr. 22).

Significantly, the law judge expressly acknowledged the plaintiff's testimony regarding diarrhea and nausea in her summary of the evidence. Thus, she stated (Tr. 21):

> At the hearing, the claimant testified that she is unable to work because she is always tired and fatigued and has problems with chronic diarrhea. She stated that after her abdominal surgery in 1998, she is not always able to make it to the bathroom in time.... She contends that she experiences adverse side effects from her medications that cause blurred vision, nausea and she becomes very anxious.

Having considered the plaintiff's allegations of diarrhea and nausea, the law judge's decision sets forth reasons why those conditions did not impose meaningful functional limitations during the relevant period. Thus, the law judge stated that the plaintiff was seen by Dr. Robert Thompson from 1999 with ongoing assessments, including chronic diarrhea from bowel resection (id.). "In 2000, he noted her diarrhea was much improved with medications" (id.). The law judge added (id.):

The claimant was also seen by various physicians associated with the Suncoast Community Health Center from 1998. The diagnoses were non-insulin dependent diabetes mellitus, status post laparotomy, anemia, arthralgia, depression, anxiety and coronary artery disease. There are no reports of visits from February 1999 until March 2003 when office notes indicated no complaints offered by the claimant and examination was essentially normal. Ms. Bailey requested refills of her medications and the assessment was hypertension. There were follow up appointments made for April 2003, but no indication that these appointments were kept.

The law judge pointed out further (Tr. 22):

> Following that surgery [in 1998], the claimant was able to return to work and successfully work until 2002. The latest examination that was performed near the date last insured was essentially normal and the claimant offered no complaints; she was only requesting medication refills

The law judge also said (Tr. 23):

> No physician has placed any restrictions on the claimant's activities nor opined that she was unable to work. The claimant was able to return to work following her abdominal surgery and able to successful[ly] work for several years. She reported to the psychologist that she quit because she did not feel good. In fact, the last examination that was near the date last insured was essentially normal and the claimant had no complaints.

The law judge, thus, has provided ample basis for discounting the plaintiff's allegations regarding diarrhea.

The plaintiff tries to overcome those reasons by asserting that she cannot afford prescription medication for diarrhea but must rely upon over-the-counter medication (Tr. 415). That response is unpersuasive.

In the first place, the record reflects that the plaintiff was able to buy some prescription medication (see, e.g., Tr. 390, 392). In all events, even if the plaintiff was unable to buy prescription medication for diarrhea, the medical evidence indicates that the plaintiff is adequately treated with over-the-counter medication. Thus, the medical records from the alleged onset date of July 1, 2002, until December 2005, which was more than two years after her insured status expired, do not show any treatment for diarrhea, and do not record any diagnosis of diarrhea (see, e.g., Tr. 259, 287, 289, 387, 390). Moreover, with one exception, there were not even any complaints to doctors about diarrhea. The only exception was that, on November 28, 2004, upon being admitted to a hospital for chest pain, the plaintiff, during a review of systems, "[c]omplains of periodic diarrhea which is chronic since her

surgery" (Tr. 291). However, during that time in the hospital, there were no reports of diarrhea.

Consequently, the medical records provide virtually no support for the plaintiff's testimony regarding diarrhea. The law judge, therefore, has adequately set forth reasons for discounting that testimony. The plaintiff's assertion that she has to rely upon over-the-counter medication to control her diarrhea does not compel a contrary finding.[3]

Along with her complaints of diarrhea, the plaintiff also includes allegations of stomach problems, resulting in nausea and vomiting (Doc. 22, p. 7). The same reasons set forth by the law judge regarding diarrhea apply as well to the allegations of stomach problems. Moreover, there is less support in the evidence for allegations of stomach problems since the etiology of the diarrhea is understood, whereas, according to the plaintiff, doctors do

---

[3]It is noted that Dawkins v. Bowen, 848 F.2d 1211 (11th Cir. 1988), which is cited by the plaintiff, is inapposite. This is not a case where the law judge denied benefits on the ground of noncompliance with prescribed medical treatment. Indeed, it is not even a situation where the law judge considered noncompliance in assessing the plaintiff's credibility. See Ellison v. Barnhart, 355 F.3d 1272, 1275 (11th Cir. 2003).

However, speaking of noncompliance, a treating doctor has called the plaintiff a "non-compliant patient," adding that "she presents on & off at her convenience" and has been receiving episodic care (Tr. 346) (emphasis in original). Although this statement was made more than one year after the plaintiff's insured status expired, it came before the plaintiff's testimony and further undermines it.

not know what is causing stomach problems (Tr. 416). Therefore, the law judge did not err in her consideration of the plaintiff's allegations of such problems.

The plaintiff also appears to suggest that treating doctors should have been contacted to inquire whether the resectioned bowel could produce diarrhea (Doc. 22, p. 8). That inquiry is clearly unnecessary. The medical records show that, following the surgery, the plaintiff did suffer from diarrhea. However, by 2000, that condition was brought under control by medication and the plaintiff returned to work (Tr. 217, 221).

Finally, the plaintiff argues that the hypothetical questions to the vocational expert were inadequate because they did not include the effects of diarrhea or nausea (Doc. 22, p. 10). However, as explained, the law judge reasonably concluded that the effects of the diarrhea and nausea did not impose any functional limitations. Consequently, the law judge properly omitted any such effects from her hypothetical questions. Crawford v. Commissioner of Social Security, 363 F.3d 1155, 1161 (11th Cir. 2004).

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner of Social Security is hereby AFFIRMED. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 10th day of August, 2009.

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE